CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 0 3 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID H. LAING, JR., ) | |
| ) | Civil Action No. 7:05CV00716 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | By: Honorable Glen E. Conrad |
| ) | United States District Judge |
| Defendant. ) | |

Plaintiff has filed this action challenging certain provisions of the final decision of the Commissioner of Social Security establishing plaintiff's entitlement to a period of disability for purposes of his applications for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). The Commissioner determined that plaintiff became disabled for purposes of his applications for benefits on June 1, 2000. Plaintiff maintains that he was disabled within the meaning of the Act at least as early as October 3, 1997, the day following the denial of an earlier application for benefits. As reflected by the memoranda and arguments submitted by the parties, the issues now before this court are whether the Commissioner's final decision is supported by substantial evidence, and if it is not, whether plaintiff has established "good cause" for remand of his case to the Commissioner for further development and consideration. See 42 U.S.C. §§ 405(g).

The plaintiff, David H. Laing, Jr., was born on July 17, 1969 and eventually completed high school in a special education setting. Mr. Laing has been employed as a salesman, metal cutter, maintenance worker, yarn bagger, and auto parts assembly lineman. On June 7, 2000, Mr. Laing

filed applications for disability insurance benefits and supplemental security income benefits. An earlier application for disability insurance benefits had been denied on October 3, 1997. The administrative decision on this earlier claim was later affirmed by this court. In filing his new applications, Mr. Laing alleged that he became disabled for all forms of substantial gainful employment in October of 1999 due to a gun shot wound in the left side, urinary frequency, and inability to maintain pace in his prior work activities. Plaintiff now maintains that he has remained disabled to the present time. As to his application for disability insurance benefits, the record reveals that Mr. Laing met the insured status requirements of the Act at all relevant times. See, gen., 42 U.S.C. §§ 414 and 423.

Mr. Laing's applications were denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated August 8, 2003, the Law Judge determined that plaintiff became disabled for all forms of substantial gainful employment on June 1, 2000. The Law Judge found that Mr. Laing suffers from a cognitive disorder, post traumatic stress disorder, personality disorder, and residuals of a gun shot wound and fractured right hand. The Law Judge ruled that plaintiff's nonexertional impairments became disabling on June 1, 2000. As to the period prior to June 1, 2000, the Law Judge held that Mr. Laing retained sufficient functional capacity to perform several work roles which existed in significant number in the national economy. Accordingly, the Law Judge determined that, as to the earlier period, plaintiff was not entitled to disability insurance benefits or supplemental security income benefits. See 20 C.F.R. §§ 404.1520(g) and 416.920(g). As to the period beginning on June 1, 2000, the Law Judge held that Mr. Laing was entitled to a period of disability for purposes of his claims under both federal programs.

Mr. Laing requested the Social Security Administration's Appeals Council to review the Law Judge's opinion that he did not become disabled until June 1, 2000. However, the Appeals Council adopted the Law Judge's opinion as the final decision of the Commissioner. Having exhausted all available administrative remedies as regards the onset of his period of disability, Mr. Laing has now appealed to this court.

In Bailey v. Chater, 68 F.3d 75, 79 (4th Cir. 1995), the United States Court of Appeals for the Fourth Circuit interpreted Social Security Ruling 83-20 so as to conclude that if the evidence of disability onset is ambiguous, the Commissioner must procure the assistance of a medical advisor in order to properly assess and determine the date of disability onset. The Fourth Circuit reasoned that an Administrative Law Judge does not possess the discretion necessary to establish a disability onset date without substantial evidence in the form of some medical opinion or testimony. Id., 79-80.

In assessing the date of plaintiff's disability onset, the Administrative Law Judge commented as follows:

> Subsequent to June 2000, the undersigned finds that the claimant's mental residual functional capacity continued to deteriorate as documented by Dr. Nichols' report in October 2000. The undersigned has chosen June 2000 as the effective date that this deterioration became sufficiently severe as to be disabling by giving the claimant the benefit of the doubt for the four months prior to that evaluation and coinciding with the month he filed his application. In actuality, the exact date that the claimant's mental deterioration became disabling probably lies between the October 2000 examination by Dr. Nichols and the August 2001 report of Dr. Saute. Even that is problematic as claimant's GAF as late as October [2000] was assessed at 55 to 60 by the treating psychiatrist. By June 2000, claimant's cognitive abilities had deteriorated as to effectively limit him to simple repetitive tasks. Further, his ability to deal with or interact with co-workers or supervisors and deal with usual work situations had become severely impaired. This is consistent with his statements to Dr. Nichols regarding his irritability and hostility to others. His flashbacks and nightmares were occurring more frequently. The claimant's concentration was also becoming more restricted. As noted above, the claimant's mental status continued

3

to deteriorate and is now of listing level severity, per Dr. Nichols' 2002 evaluation (Exhibit B-10F).

(TR 29-30).

The court must agree that the evidence does not support establishment of a disability onset date merely by counting back several months from the date of a favorable psychological report. As noted by the Law Judge, the psychological assessment performed by Dr. Jerome S. Nichols on October 5, 2000 clearly establishes that Mr. Laing suffered from disabling nonexertional impairments. Even though Dr. Nichols had completed an earlier psychological evaluation in April 1996 in which he found that Mr. Laing was able to attend to tasks and concentrate "relatively well," Dr. Nichols offered no findings or opinions in his October 2000 report which would indicate when the deterioration in Mr. Laing's condition could have been expected to have rendered plaintiff disabled for all forms of work. The court reads the opinion in Bailey v. Chater, supra, to indicate that in such circumstances, in which there is no traumatic event or clear evidence from which disability onset may be measured, it is necessary to consult a medical advisor in determining an appropriate onset date. The Fourth Circuit in Bailey put it as follows:

> The requirement that, in all but the most plain cases, a medical advisor be consulted prior to inferring an onset date is merely a variation on the most pervasive theme in administrative law - that substantial evidence support an agency's decisions.

Id. at 80.

In a memorandum in support of her motion for summary judgment, the Commissioner argues that this is one of those "plain cases" in which disability onset may be found from the clear evidence documenting the progression of plaintiff's impairment. The court is unable to agree. While it is clear that Mr. Laing experienced significant deterioration between Dr. Nichols' first study in 1996 and the second study in 2000, the attempt to decide the date on which plaintiff's deterioration

4

resulted in an overall disability involved nothing more than guesswork on the part of the Administrative Law Judge. In truth, if asked, Dr. Nichols would probably have had to engage in his own form of guesswork in deciding when Mr. Laing became disabled. However, as it was put by the Fourth Circuit, the Administrative Law Judge must obtain input from an expert such as Dr. Nichols in order to make an informed finding which can be deemed to be supported by substantial evidence. Stated differently, a medical source is better placed to engage in "educated guesswork" than is the Administrative Law Judge. The court finds "good cause" for remand of this case so that an opinion from Dr. Nichols, or some other equally qualified expert, may be procured.

For the reasons stated, the court finds "good cause" for remand of this case to the Commissioner for further development and consideration as specified above. See 42 U.S.C. § 405(g). An appropriate order of remand will be entered this day.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

ENTER: This 3rd day of August, 2006.

*/s/ Jack Conrad*

United States District Judge

5

Case 7:05-cv-00716-GEC   Document 15   Filed 08/03/06   Page 5 of 5   Pageid#: 43